FILED
MAY 26, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LUCIA MUMM and DAVID MUMM, husband and wife, | ) ) ) | No. 32323-4-III |
| Appellants, | ) ) | |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| JOHN DOE and JANE DOES 1-10, and ABC CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

LAWRENCE-BERREY, J. — David and Lucia Mumm appeal the summary judgment

dismissal of their claim under the UIM[1] phantom vehicle provision of their insurance

policy with State Farm.  To have a viable claim, the Mumms must have admissible facts

corroborating their claim other than from the insured or one who has a claim under the

---

[1] Underinsured motor vehicle bodily injury coverage.

policy. At issue is whether Mr. Mumm's statement or Ms. Mumm's doctor's chart note could satisfy this requirement. The Mumms argue that one or both could satisfy this requirement under the excited utterance hearsay exception. We disagree and affirm the summary judgment dismissal.

## FACTS

On July 21, 2010, Lucia Mumm was riding her bicycle to work on a road that runs through Walla Walla Community College. According to Ms. Mumm, at about 8:25 a.m., a car passed her on the left and abruptly turned to the right in front of her to enter a parking area on the campus. To avoid impact, Ms. Mumm braked quickly and fell off her bike, injuring her right hand and thumb. Ms. Mumm did not have time to locate witnesses to the accident, and the driver of the "phantom vehicle" did not stop.

Ms. Mumm continued the remaining one-half mile to work on her bike, but discovered her hand was more seriously injured than she initially recognized. Her employer, Dixie Liening, gave her a ride home. Ms. Mumm's husband, David Mumm, drove Ms. Mumm to a Walla Walla clinic where she was examined, treated, and released. Ms. Mumm told her husband that a car caused the accident.

A clinic chart note indicates that at 9:24 a.m., Joanne Schmitz, M.D., ordered a right thumb x-ray. Another clinic chart note shows that Ms. Mumm was then seen by

2

Michael Wilwand, D.O., at 9:55 a.m. This note indicates that Ms. Mumm rated her pain at a "3/10." Clerk's Papers (CP) at 44. The note did not indicate that Ms. Mumm was agitated or distraught about the incident. To the contrary, Dr. Wilwand observed: "A [n]ormal appearing 38yo female with her husband and children today, answers questions appropriately, memory intact, mood and affect appropriate." CP at 45.

Dr. Luisa Scholar treated Ms. Mumm. Her chart note, signed at 10:23 a.m., reported: "LUCIA MUMM, 38 year old female, comes in today to be seen for a bike injury she fell avoiding a car and hit the RT thumb." CP at 93. Ms. Mumm was diagnosed with an injured metacarpophalangeal joint and a sprained ulnar collateral ligament.

At the time of the accident, the Mumms were insured through State Farm, which provided uninsured/underinsured motorist bodily injury benefits in the amount of $100,000 per person and $300,000 per accident. The underinsured motor vehicle bodily injury provision provided in part:

> ***Underinsured Motor Vehicle*** means a land motor vehicle . . . .
> the owner or driver of which remains unknown and which causes ***bodily
> injury*** to the ***insured***. If there is no physical contact between that land
> motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then
> the facts of the accident must be corroborated by competent evidence other
> than testimony of the ***insured*** or any other ***person*** who has a claim under
> this coverage or under Underinsured Motor Vehicle Property Damage
> Coverage.

3

CP at 53. "*Insured*" means, among other things, "*you*" and "*resident relatives*." CP at 53.

On September 10, 2012, Ms. Mumm reported the incident to State Farm. State Farm commenced an investigation and recorded statements from Ms. Mumm and Ms. Liening. In her statement, Ms. Mumm described the incident as follows:

> I am certain that plenty of people probably saw it like I said it's a busy time of day and there was a lot of—there's always a lot of people walking to classes, but I did not, um, speak to anyone and didn't take time to seek out a witness. . . . I was, uh, sort of not having any idea that I was injured very badly. I was having the whole (inaudible) and thinking, uh, oh, gosh I— I—my hand hurts and, uh, hey, I gotta get to work, and my boss is somebody who does not like me to be late. . . . I just really thought . . . I'll put a Band-Aid on it when I get to work and . . . in the meantime . . . during the time it took me to . . . get my bike back standing up the car had already, you know, disappeared.

CP at 39.

Ms. Liening recalled that Ms. Mumm had been hurt in a bicycle accident and that she was pale and in pain when she showed up to work. Ms. Liening described Ms. Mumm after the accident as "shaken" and "in shock." CP at 62. However, she could not recall if Ms. Mumm mentioned anything about a vehicle being involved in the accident. When pressed, she stated, "I honestly do not know" how the accident happened. CP at 62.

4

State Farm denied the Mumms' claim for UIM bodily injury benefits based on the absence of any witness to properly corroborate Ms. Mumm's claim that a phantom vehicle caused her injury. State Farm explained that its policy for underinsured motorists required that "the facts of the accident . . . be corroborated by competent evidence *other than testimony of the **insured** or any other **person** who has a claim under this coverage*." CP at 65 (bold in original) (emphasis added).

On July 19, 2013, the Mumms filed a lawsuit against State Farm, alleging among other things, negligence, breach of contract, bad faith, and violation of the insurance fair conduct act, chapter 48.30 RCW. State Farm filed an answer and counterclaim for declaratory relief asking the court to find that there was no UIM coverage for Ms. Mumm's phantom vehicle claim. State Farm asserted: "Because Lucia Mumm is an ***insured*** as that term is defined by State Farm[,] there must be another corroborating witness to the facts of the July 21, 2010 bicycle accident . . . . There is no such corroborating witness." CP at 19.

State Farm moved for summary judgment dismissal of the Mumms' claims, arguing that the absence of independent corroborating evidence of the phantom vehicle precluded the Mumms, as a matter of law, from establishing their claims. The Mumms opposed summary judgment, submitting (1) a declaration that stated Ms. Mumm was

5

crying, shaking, and in shock and "considerable pain"[2] when she told Dr. Scholar about how the accident occurred, (2) a declaration from Mr. Mumm stating that Ms. Mumm was "crying and was upset"[3] and appeared to be in shock when she told him that a car caused the accident, and (3) Dr. Scholar's clinic note. State Farm replied that Ms. Mumm's hearsay statements to her husband, a co-plaintiff, and to personnel at the clinic did not meet the criteria for admissibility as excited utterances. As to her statements to medical personnel, State Farm argued that by the time Ms. Mumm was making statements at the clinic, she was no longer under the "stress of excitement caused by the event" as required by ER 803(a)(2).

The court granted State Farm's motion, ruling:

> There is no coverage under State Farm policy No. L211-544-D10-47E for plaintiff Lucia Mumm's uninsured motorist claim arising from the bicycle-phantom motor vehicle accident of July 21, 2010.

CP at 103.

The court denied the Mumms' motion for reconsideration, explaining:

> [T]he only available facts are that the statement was made at the emergency room an hour or so after Ms. Mumm's fall from her bike and that she was injured and in pain. The problem is that these facts do not by themselves demonstrate that the statement in Dr. Scholar's medical note was the product of an excited utterance. . . . The only evidence of an excited

---

[2] CP at 86.
[3] CP at 89.

utterance is the one-sentence notation by Dr. Scholar: "Seen for a bike injury she fell avoiding a car and hit the RT thumb. . . ." The medical record . . . is unaccompanied by any description of the circumstances of the information or, for that matter, the source of the information. . . . There is no testimony that any statement was spontaneous or instinctive.

CP at 122-23.

## ANALYSIS

The Mumms contend that the trial court erred in granting State Farm's motion for summary judgment, alleging there are genuine issues of material fact regarding whether they have UIM coverage under their insurance policy. Specifically, they argue that Ms. Mumm's statements to her husband and doctor are corroborating evidence of the "phantom vehicle" accident and that the trial court erred in refusing to consider them as excited utterances. State Farm counters that the declarations submitted by the Mumms are insufficient corroboration of a phantom vehicle and, therefore, summary judgment dismissal was proper. Specifically, State Farm contends that Mr. Mumm does not qualify as an independent witness because he is a named plaintiff in the lawsuit and that Dr. Scholar's chart note is not an excited utterance because it does not indicate who provided the information about the accident or whether Ms. Mumm was still under the stress of the accident when she purportedly made the statement to Dr. Scholar.

7

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). In a dispute concerning insurance coverage, the question of whether a particular claim is covered by an unambiguous insurance policy is a question of law to be determined by the court. *Weyerhaeuser Co. v. Aetna Cas. & Sur. Co.*, 123 Wn.2d 891, 897, 874 P.2d 142 (1994). Evidence must be considered in the light most favorable to the nonmoving party. *Gerken v. Mut. of Enumclaw Ins. Co.*, 74 Wn. App. 220, 225, 872 P.2d 1108 (1994). We review evidentiary rulings made in connection with a summary judgment ruling de novo. *Ross v. Bennett*, 148 Wn. App. 40, 45, 203 P.3d 383 (2008).

By statute, an insurer may condition UIM benefits on corroboration when the claimant alleges that a "phantom vehicle" caused his or her damages. RCW 48.22.030(8). The insurer may require corroboration from someone other than the insured or a person having an underinsured motorist claim. RCW 48.22.030(8)(a). The statute provides in part:

> For the purposes of this chapter, a "phantom vehicle" shall mean a motor
> vehicle which causes bodily injury, death, or property damage to an insured
> and has no physical contact with the insured or the vehicle which the
> insured is occupying at the time of the accident if:

8

(a) The facts of the accident can be corroborated by competent evidence other than the testimony of the insured or any person having an underinsured motorist claim resulting from the accident.

RCW 48.22.030(8).

Under Washington law, an automobile policy must specifically contain the independent corroboration requirement set forth in RCW 48.22.030(8) for any claim arising from an incident with a phantom vehicle in order to enforce that statutory requirement. *Liljestrand v. State Farm Mut. Auto. Ins. Co.*, 47 Wn. App. 283, 290, 734 P.2d 945 (1987).

"A party cannot rely on inadmissible hearsay in response to a summary judgment motion." *Lynn v. Labor Ready, Inc.*, 136 Wn. App. 295, 309, 151 P.3d 201 (2006). Here, the superior court decided that the foundational requisites for an excited utterance under ER 803(a) were not met because Dr. Scholar's chart note had no description of the circumstances of the information or its source. The Mumms argue that whether Ms. Mumm made an excited utterance is a genuine issue of material fact, and the trial court improperly resolved a factual issue in favor of the party moving for summary judgment. For the reasons discussed below, the trial court properly excluded the Mumms' hearsay evidence.

9

The Mumms first argue that the trial court should have considered Ms. Mumm's statement to her husband as corroborating evidence of the phantom vehicle accident. However, Mr. Mumm does not satisfy the requirements of either RCW 48.22.030(8)(a) or the State Farm insurance policy as a corroborating witness. First, under the statute and the policy, Mr. Mumm is precluded from being a witness because he has a claim under the policy. In addition, under the policy, an insured is not a competent witness. Mr. Mumm, a "resident relative," is an insured under the definitions section. Thus, Mr. Mumm is precluded from providing evidence relating to the accident.

The Mumms next contend that the trial court erred in refusing to consider Dr. Scholar's chart note as corroborating evidence. They argue that the evidence, evaluated in their favor, shows that one hour or less passed between the accident and Ms. Mumm's statement to Dr. Scholar and that she was in pain and shock when she made the statement. They argue, "it is hard to believe that during that time [Ms. Mumm] reviewed the language in the State Farm policy to learn that she needed corroborating evidence and had time and clarity of mind to fabricate a story." Br. of Appellant at 17.

An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." ER 803(a)(2). As this definition indicates, a statement qualifies as an excited

10

utterance when three foundational requirements are satisfied. First, a startling event or condition must have occurred. Second, the statement must have been made while the declarant was under the stress of excitement caused by the event or startling condition and without opportunity to deliberate or fabricate. Third, the statement court must relate to the startling event or condition. *State v. Chapin*, 118 Wn.2d 681, 686, 826 P.2d 194 (1992). Ideally, the statement should be made "contemporaneously with or soon after the startling event." *Id.* at 688. A declarant's sworn statement is not competent evidence to establish the foundational requirements of the excited utterance hearsay exception. *See Burmeister v. State Farm Ins. Co.*, 92 Wn. App. 359, 370, 966 P.2d 921 (1998).

"[A] state of nervousness or anxiety following an accident does not alone ensure the spontaneity or reliability of a self-serving statement." *Id.* The crucial question is "whether the declarant was still under the influence of the event to the extent that the statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment." *State v. Briscoeray*, 95 Wn. App. 167, 173, 974 P.2d 912 (1999). As the time between the event and the statement lengthens, the declarant has more time for reflective thought. *Chapin*, 118 Wn.2d at 688. Nevertheless, a statement made hours after the startling event may constitute an excited utterance if the declarant remains under the stress of the event. *Id.* For example, in *State v. Flett*, this court held that a statement

11

made by a rape victim to her daughter seven hours after the alleged incident was admissible as an excited utterance. *State v. Flett*, 40 Wn. App. 277, 287, 699 P.2d 774 (1985). The court held that "the stress of contact with [the rapist's wife at a grocery store] just prior to the statement—were all part of a 'continuous process' satisfying the elements of the excited utterance exception." *Id.*

As noted above, the second foundational requirement for an excited utterance is that the declarant be under the stress of excitement of the event *and* without opportunity to deliberate or fabricate. The second foundational requirement is stated in the conjunctive. Therefore, simply because Ms. Mumm did not have the opportunity to read her insurance policy and fabricate her story prior to seeking medical treatment does not automatically qualify the statement in her doctor's chart note as an excited utterance.

If we were to presume that Ms. Mumm was the source of information for her doctor's chart note, there still are no competent facts to establish that she was under the stress of the exciting event when she made her statement to her doctor. To the contrary, Dr. Scholar's note suggests the opposite. He notes that Ms. Mumm's blood pressure was 114/72, her heart rate was 73, her pulse was regular, and that she was "[a]lert" and in "no distress." CP at 94. Evidence that the declarant had calmed down before making a statement tends to negate a finding of spontaneity. *State v. Ramires*, 109 Wn. App. 749,

12

758, 37 P.3d 343 (2002).

These facts are even more problematic for the Mumms than the facts presented in *Burmeister.* In that case, the plaintiff-insured lost control of her car and slid down an embankment. *Burmeister,* 92 Wn. App. at 361-62. The plaintiff told a police officer who spoke with her in the ambulance that an oncoming car caused her to lose control of her car. The court held that the plaintiff failed to provide admissible facts that would establish the existence of a phantom vehicle because she failed to "submit affidavits from the police officer, the paramedics, or the emergency room workers to show that she was still under the influence of the accident at the time the statement was made." *Id.* at 369. In holding that the claimant failed to meet this foundational requirement, the court explained,

> Here, the officer's report does not reveal [Ms.] Burmeister's demeanor or the seriousness of her injuries. The emergency reports indicate that she complained of head, neck, and back injuries *but do not tell us the severity of these injuries or whether she was in a state of excitement from those injuries at the time the statement was made.*

*Id.* at 370 (emphasis added).

Here, greater time had transpired between the injury and the claimed excited utterance than presented in *Burmeister.* Moreover, the medical records here affirmatively establish that Ms. Mumm was not in distress when she purportedly made the statement to

13

No. 32323-4-III
*Mumm v. State Farm Mut. Auto. Ins.*

Dr. Scholar. The Mumms fail to meet the foundational requirement that Ms. Mumm's purported statement to Dr. Scholar was made while she was still under the stress of the accident. Thus, the Mumms cannot demonstrate the existence of a genuine issue of material fact to prevent summary judgment. Summary judgment was, therefore, properly granted.

Affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____       _____
Siddoway, C.J.                          Brown, J.

14