

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IRWIN LAW FIRM, INC., a Washington State Legal Entity; JAMES F. IRWIN; and CHRISTAL OLIVIA IRWIN, J.D., | ) ) ) ) | No. 38234-6-III |
| Appellants, | ) ) | |
| v. | ) ) | |
| FERRY COUNTY; NATHAN DAVIS, Ferry County Commissioner; MICHAEL BLANKENSHIP, Ferry County Commissioner; JOHNNA EXNER, Ferry County Commissioner; and KATHRYN ISABEL BURKE, personally and in her official capacity as Ferry County Prosecuting Attorney, | ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) | |

PENNELL, J. — The Irwin Law Firm, Inc., Christal Olivia Irwin, and James Irwin (collectively ILF), appeal adverse summary judgment orders disposing of their claims against Ferry County and its board of commissioners (collectively Ferry County) and its prosecuting attorney, Kathryn Burke. ILF also appeals the trial court's award of attorney fees and costs. We affirm and grant Ferry County's request for appellate fees and costs.

BACKGROUND

Attorneys Christal Olivia Irwin and James Irwin are married and have each practiced law under the auspices of the Irwin Law Firm.

In 2015, Mr. Irwin executed a contract with the Ferry County Board of Commissioners to provide public defense services. The contract identifies the parties as the "County of Ferry" and "James F. Irwin." Clerk's Papers (CP) at 86. It does not mention Ms. Irwin or any law firm. The contract contains an anti-assignment clause, forbidding Mr. Irwin from making any "assignment or transfer . . . without prior written consent of the Court." *Id*. at 89. Under the contract, Mr. Irwin was permitted to "associate[] with or employ[]" other attorneys to assist him on indigent defense cases, with court approval, so long as he "actively supervise[d]" the other attorneys. *Id.* at 87. Ferry County apparently made Mr. Irwin's payments on the contract by tendering funds to the Irwin Law Firm.

On April 8, 2016, Mr. Irwin sent a letter to the Ferry County Board of Commissioners informing it he was taking a position with the Stevens County Prosecuting Attorney's Office. The letter stated that, effective 5:00 p.m. that same day, Mr. Irwin would "no longer be a part of the Irwin Law Firm." *Id*. at 109. The letter stated Mr. Irwin would be "succeeded" by his wife, Ms. Irwin, and announced she would take

2

over his indigent criminal defense work "without interruption." *Id*.

On April 12, one of the county commissioners delivered a letter to the Irwins, reminding Mr. Irwin the contract was held by him individually, not by his firm. The letter stated Ferry County would not "consent to the assignment or transfer of any portion of the public defense contract to Ms. Irwin." *Id*. at 284. That morning, Ms. Irwin attempted to begin indigent defense services pursuant to Mr. Irwin's contract. Ferry County put an end to this attempt.

Ms. Irwin protested Ferry County's refusal to let her represent indigent defendants. Through correspondence and attendance at an April 18 meeting, Ms. Irwin asked the commissioners to change their decision. The county informed her the decision was final.

Ferry County thereafter solicited bids for a new indigent defense contract. Ms. Irwin submitted a bid but was not selected. In 2019, Ms. Irwin applied for a deputy prosecutor position with the office of Ferry County Prosecuting Attorney Kathryn Burke. Her application was rejected.

On August 30, 2019, ILF sued Ferry County and Ms. Burke in Okanogan County Superior Court. Ms. Irwin has represented ILF throughout the litigation. ILF's suit raised claims alleging damages in tort, breach of contract, and violations of the Open Public Meetings Act of 1971 (OPMA), chapter 42.30 RCW, and other statutes. ILF did not

provide the government entities with pre-suit notification of its tort claims.

The defendants responded to ILF's complaint by filing dispositive motions that were treated as motions for summary judgment.[1] ILF initially failed to timely respond to the dispositive motions or to appear in court on the date noted for hearing. When ILF did respond, it failed to properly authenticate documents submitted in opposition to summary judgment. The trial court sanctioned ILF for its failure to appear and for untimely briefing. The trial court also explained the authentication requirements set forth in CR 56(e) and gave ILF the opportunity to remedy deficiencies in its summary judgment submissions. ILF did not correct the deficiencies. In the meantime, the parties unsuccessfully attempted settlement. ILF filed a motion to enforce what it perceived to be a settlement agreement. The motion was denied.

The trial court subsequently granted the defendants' motions and dismissed ILF's complaint. The court also granted the defendants' requests for attorney fees and costs, concluding the lawsuit was frivolous after ILF repeatedly refused to provide court-requested information about its pre-suit inquiry.

---

[1] Ferry County moved for summary judgment. Ms. Burke's motion was styled under CR 12(b)(6) as a motion to dismiss for failure to state a claim under which relief could be granted. The motion acknowledged that because it relied on materials outside the pleadings, it should be treated as a motion for summary judgment.

ILF appeals.

ANALYSIS

*Motion to enforce settlement agreement*

ILF's first assignment of error pertains to the trial court's refusal to enforce the alleged settlement agreement. As the party advocating enforcement of a settlement agreement, ILF has the burden of proof. *Brinkerhoff v. Campbell*, 99 Wn. App. 692, 696-97, 994 P.2d 911 (2000). Unless there is a factual dispute, our review is de novo. *See id.* at 696.

The parties never reached a final settlement agreement. As of July 28, 2020, there was a document memorializing a purported agreement between the parties. The only step required for finalization was Ms. Irwin's signature. But Ms. Irwin never signed or otherwise assented to this agreement. Instead, she proposed changes. Ferry County was not required to accept the changes and did not do so. *See Travis v. Tacoma Pub. Sch. Dist.*, 120 Wn. App. 542, 549, 85 P.3d 959 (2004) ("Usually, a purported acceptance that changes the terms of the offer in any material respect operates only as a counteroffer and does not form a contract."). Because no finalized settlement was reached, the trial court properly denied ILF's motion to enforce a settlement agreement.

No. 38234-6-III
*Irwin Law Firm, Inc. v. Ferry County*

*Admissibility of ILF's unauthenticated documents*

ILF challenges the trial court's granting of the defendants' motion to strike documents attached to ILF's summary judgment submissions. Evidentiary decisions made in conjunction with a summary judgment order are reviewed de novo. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

"Evidence submitted on summary judgment must be admissible." *Shavlik v. Dawson Place*, 11 Wn. App. 2d 250, 271, 452 P.3d 1241 (2019); *see also* CR 56(e). Admissibility requires authentication and compliance with the rules of evidence. *See Shavlik*, 11 Wn. App. 2d at 271. Unsworn evidence referenced in an attorney's brief does not meet the standard for admissibility. *Burmeister v. State Farm Ins. Co.*, 92 Wn. App. 359, 366-67, 966 P.2d 921 (1998). Even when a particular public document is claimed to be self-authenticating, ER 902(b) still requires the document to be signed and sealed by a government officer or employee.

"Courts do not always demand strict compliance with the express requirements of CR 56(e)." *Young Soo Kim v. Choong-Hyun Lee*, 174 Wn. App. 319, 326-27, 300 P.3d 431 (2013). But here, ILF has no excuse for its wholesale failure to provide sworn evidence. *See id.* at 327. The trial court explained the necessity of authenticating evidence in opposition to summary judgment. Yet Ms. Irwin failed to take corrective action when

6

afforded an opportunity to do so and instead baldly and inaccurately stated the documents were "self-<u>certified</u>" by her signature. CP at 458. The trial court properly struck the documents.

*Dispositive motions*

This court reviews summary judgment orders de novo, and must apply the same inquiry as the trial court, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party. *Ramey v. Knorr*, 130 Wn. App. 672, 685, 124 P.3d 314 (2005). Summary judgment is appropriate where there is "'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting CR 56(c)).

### 1. Claims barred by statute of limitations

Several of ILF's claims are governed by the default two-year statute of limitations set forth in RCW 4.16.130: alleged violations of the OPMA; and alleged violations of RCW 10.101.040, RCW 39.26.120, RCW 39.26.170, RCW 42.23.050, RCW 42.52.080, and RCW 10.101.030. The two-year default applies because none of the foregoing causes of action[2] fall under an alternate statute of limitations term. ILF filed suit on August 30,

---

[2] Ferry County argues that many of the foregoing provisions lack private causes of action. We do not necessarily disagree, but need not reach this point.

2019, and does not allege facts indicating these purported causes of action arose within the two years preceding that date. Thus, these claims were properly dismissed.

ILF asserts the statute of limitations defense was waived because it was not affirmatively pleaded in an answer. This argument was not raised in the trial court. It will not be reviewed here. RAP 2.5(a).[3]

*2. Claims barred by failure to make of 60-day tort claim notice*

Two of ILF's claims were tort claims against local government entities, subject to a 60-day pre-suit notification requirement under RCW 4.96.020(4): the claims for emotional distress and claims under Washington's Law Against Discrimination (WLAD), chapter 49.60 RCW.[4] ILF never provided the government entities with pre-suit tort claim notification. Instead, it filed a notice of tort claims 49 days after filing suit. While strict compliance with the 60-day notice rule is not required under RCW 4.96.020(5), post-suit notification does not qualify as substantial compliance. *See Lee v. Metro Parks Tacoma*,

---

[3] We also note that during the trial court proceedings, the defendants raised the statute of limitations in their dispositive motions, which were their first responsive court filings, and ILF engaged in argument about the statute of limitations before the trial court. *See Mahoney v. Tingley*, 85 Wn.2d 95, 100, 529 P.2d 1068 (1975).

[4] ILF baldly claims the pre-suit notice is "arguably" not required for discrimination claims that have constitutional underpinnings. Opening Br. of Appellant(s) (Amended) at 40. This does not qualify as legal analysis meriting review. We also note that ILF's tort claims likely expired under the three-year statute of limitations. RCW 4.16.080(2).

183 Wn. App. 961, 968, 335 P.3d 1014 (2014) (holding plaintiff failed to substantially comply with statutory 60-day waiting period when notice was provided 14 days *before* filing suit). ILF's emotional distress and WLAD claims were properly dismissed.

### 3. Breach of contract

ILF's only timely claim was for breach of contract. This claim centers on the contention that Ms. Irwin should have been allowed to take over Mr. Irwin's indigent defense contract. ILF posits Ms. Irwin should have been allowed to perform on the contract on the basis of her status (1) as an employee of the Irwin Law Firm, (2) as a delegatee or assignee, or (3) as Mr. Irwin's spouse. Each contention is meritless.

Ms. Irwin had no right to perform on the contract as the Irwin Law Firm's principal attorney because the law firm was not a party to the contract. The plain text of the contract makes that crystal clear: "This agreement is entered into by and between the County of Ferry . . . and James F. Irwin." CP at 86. There is no reference to the Irwin Law Firm—or any other law firm—in the contract. ILF has presented no evidence the county—or Mr. Irwin, for that matter—intended for the law firm or Ms. Irwin to be parties to the agreement. The fact that Mr. Irwin's payments may have been tendered to his firm does not change the plain wording of the contract.

Ms. Irwin also had no right to perform on the contract as an assignee. Contracts for personal services—including professional services like the practice of law—are generally not assignable. *Kim v. Moffett*, 156 Wn. App. 689, 704-05, 234 P.3d 279 (2010). The contract here comports with this principle and explicitly forbids assignment of the contract "without prior written consent." CP at 89. The fact that the contract allowed Mr. Irwin to supervise attorneys under the contract does not mean Mr. Irwin could assign the contract upon leaving for other employment.

Finally, the Irwins' marriage did not give Ms. Irwin a right to perform under Mr. Irwin's contract. It appears ILF's argument may be based on RCW 4.08.040.[5] But that statute allows one spouse to *sue* on a contract entered into by the other spouse. The statute does not allow one spouse to *perform* on another spouse's individual contract. Spouses are not fungible. They are distinct people with different skills and knowledge. We are aware of no law recognizing that spouses can substitute for each other in the performance of a personal contract.

---

[5] ILF cites "RCW 4.08.08" in its complaint to support this claim. CP at 8. There is no such statute. There is a statute numbered RCW 4.08.080, but it is entirely inapplicable. The defendants suggest ILF likely meant to cite RCW 4.08.040. ILF does not disagree with this correction.

*Awards of sanctions, attorney fees, and costs*

*1. Award of sanctions in connection with December 16, 2019, hearing*

ILF challenges imposition of fees in conjunction with the December 16, 2019, hearing Ms. Irwin failed to attend. Ferry County and Ms. Burke maintain that the award was within the court's sound discretion. *See Goble v. Gabel*, 149 Wn. App. 119, 122, 202 P.3d 355 (2009) (sanctions reviewed for abuse of discretion). We agree with Ferry County and Ms. Burke.

The defendants filed dispositive motions set for hearing in Okanogan County on December 16, 2019. ILF's response to the motions were due on or before December 5. *See* CR 56(c). On December 6, Ms. Irwin apparently corresponded with defense counsel and one or more court administrators about her unavailability for the hearing. However, Ms. Irwin did not move for a continuance. And on December 11, court staff notified all counsel that the hearing would go forward as scheduled on December 16.

At 1:21 a.m. on December 16—the day of the hearing—Ms. Irwin electronically filed a motion for continuance with the Okanogan County Clerk. Two minutes later, she filed a response brief and a lengthy set of appended documents. Ms. Irwin's tardy filings did not cancel the hearing or stop the trial judge and defense counsel from traveling to

Okanogan County for the hearing. At the hearing, counsel for the defendants appeared, but Ms. Irwin did not. The court clerk tried to reach Ms. Irwin by telephone, to no avail.

The trial court noted that ILF had failed to comply with the rules regarding continuances and that ILF's substantive filings were not timely. Rather than dismiss ILF's case in its entirety, the court ordered ILF to pay sanctions in the form of attorney fees.

The trial court did not abuse its broad discretion in issuing sanctions. ILF's delay in responding to the defendants' dispositive motions and in filing a motion to continue on the day set for hearing was inexcusable. Ms. Irwin's e-mails to opposing counsel and court staff were both tardy and legally ineffective. The trial court's choice of sanction was less severe than dismissal. Requiring ILF to reimburse defense counsel for time unnecessarily spent on attending the December 16 hearing was well within the bounds of an appropriate response.

## 2. Award of attorney fees and costs

In addition to awarding fees pertaining to the December 16 hearing, the trial court awarded fees and costs after granting the defendants' motions for summary judgment. On appeal, ILF assigns error to the trial court's order of fees and costs. But ILF makes no apparent argument that the award was erroneous, as required by RAP 10.3(a)(6). We do not review legal claims that are unsupported by argument and citation to authority.

*Brownfield v. City of Yakima*, 178 Wn. App. 850, 875-76, 316 P.3d 520 (2013). The final award of fees and costs must therefore be affirmed.

*Recusal of trial court judge*

ILF's opening brief assigns error to the trial court judge's failure to recuse himself, but the briefs provide not a word of analysis about recusal. Again, we will not review this undeveloped claim of error.

APPELLATE ATTORNEY FEES

Ferry County requests attorney fees and costs on appeal, citing this court's authority to sanction "frivolous appeal[s]" under RAP 18.9(a).

An appeal is sanctionable as frivolous if: (1) "'there are no debatable issues upon which reasonable minds might differ,'" and (2) the appeal was "'so totally devoid of merit that there was no reasonable possibility of reversal.'" *Reid v. Dalton*, 124 Wn. App. 113, 128, 100 P.3d 349 (2004) (quoting *Fay v. N.W. Airlines, Inc.*, 115 Wn.2d 194, 200-01, 796 P.2d 412 (1990)).

Attorney fees and costs on appeal are appropriate here. None of ILF's arguments on appeal have debatable merit. We therefore Ferry County's request for fees and costs on appeal.[6]

---

[6] Ms. Burke has not requested fees or costs on appeal.

No. 38234-6-III
*Irwin Law Firm, Inc. v. Ferry County*


CONCLUSION

The orders on appeal are affirmed. Ferry County's request for reasonable attorney fees and costs on appeal is granted, subject to compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.