
# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| YOUNG SOO KIM, | ) | |
| | ) | No. 67949-0-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CHOONG-HYUN LEE, | ) | PUBLISHED OPINION |
| CHOONG-HYUN LEE, DMD, PLLC | ) | |
| d/b/a LEE FAMILY DENTAL, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Respondents. | ) | FILED: April 1, 2013 |

SPEARMAN, A.C.J. — Young Soo Kim filed a medical malpractice lawsuit against his former dentist, Choong-Hyun Lee. Kim alleged he suffered injuries due to Lee's negligence in performing certain procedures on the upper left area of his mouth. Lee moved for summary judgment based on the statute of limitations. The trial court granted the motion. We affirm and hold that Kim's lawsuit was barred by the statute of limitations because he did not offer any admissible evidence to show that a negligent act or omission took place during the three-year period before he brought suit.

## FACTS

Young Soo Kim first visited Dr. Choong-Hyun Lee's dental office on December 5, 2005. Lee performed a new patient exam; x-rays were taken; and Kim's teeth were cleaned by a dental hygienist. Lee advised Kim that, among other things, a bridge at teeth Nos. 12-15 was loose, tooth No. 13 needed to be

extracted, and a new bridge should be put in for teeth Nos. 12-15.[1] They also discussed placing a bridge at teeth Nos. 3-5. At the time, Kim elected not to proceed with the recommended procedures. But on August 28, 2006, when Lee saw Kim for an emergency appointment, Lee extracted teeth Nos. 13 and 30.

After the extractions, Kim had difficulty eating. Lee advised Kim in September 2006 that teeth Nos. 13, 14, and 30 could be replaced with implants. Kim decided to go forward with restoration work and Lee began by taking impressions for implants and extracting tooth No. 15. In October 2006, Lee surgically placed implants at teeth Nos. 13 and 30. In January 2007, Lee placed healing post and cap abutments on the implants. On February 26, Lee seated implant crowns at teeth Nos. 13 and 30. On March 15, he seated a permanent crown at tooth No. 12. On March 29, 2007, Kim appeared for his last visit to Lee's office. His teeth were cleaned and x-rays were taken. Kim asserts that, at this visit, Lee followed up on the previous restoration work done on teeth Nos. 12-15, examining him for swelling and tenderness and discussing periodontal disease, flossing, and use of saline rinses.

On June 18, 2008, Kim sought medical treatment from Dr. Kenny Lee, a periodontist.[2] Kenny Lee diagnosed Kim with an abscess, specifically an infection near the root of the upper left tooth that had been

---

[1] Tooth No. 13 is located in the upper left of the mouth and is flanked by tooth No. 12 and tooth No. 14. Tooth No. 15 is to the rear of tooth No. 14. Tooth No. 30 is toward the rear on the lower right side of the jaw.

[2] To avoid confusion between Choong-Hyun Lee and Kenny Lee, the latter is referred to by his full name.

No. 67949-0-I/3

treated by Lee. On July 16, Kenny Lee diagnosed Kim with a sinus problem and referred Kim to a specialist for further treatment. On October 10, Kenny Lee noted that Kim's crown came off, the location and size of the fixture was wrong, and the abutment selection was wrong, among other things. Kenny Lee contacted Lee to inquire about the size of the implants placed at teeth Nos. 13 and 30. Kenny Lee told Lee the implant, abutment, and crown at tooth No. 13 needed to be replaced. Lee agreed to refund $1,261 to Kim for the implant and crown for tooth No. 13.

On March 18, 2010, Kim mailed Lee a notice of intent to sue and request for mediation, pursuant to RCW 7.70.100.[3] The notice was received and signed for by Lee's agent on March 19, 2010. Lee did not agree to participate in mediation.

On March 14, 2011, Kim filed a medical malpractice lawsuit against Lee in superior court. Kim's complaint alleged that Lee was negligent in "determining and installing implants, abutments, and crowns" in the upper left part of his mouth in 2006 to 2007, requiring corrective surgery by a specialist. The complaint alleged:

> Specifically, Dr. Kenny Lee determined that the location and size of the upper left implant fixture was incorrect, that the abutment selection was incorrect, the crown size was incorrect, and that Plaintiff Kim's sinus membrane had been adversely affected by Defendants' procedures and treatment.

---

[3] The notice requirement of former RCW 7.70.100(1) (2006) was held unconstitutional several months after Kim sent a notice of intent in this case. Waples v. Yi, 169 Wn.2d 152, 161, 234 P.3d 187 (2010). The parties' dispute does not involve the notice requirement.

3

No. 67949-0-I/4

Clerk's Papers (CP) at 175. Kim alleged that, following the February 2007 procedure to place crowns in the upper left and lower right areas of his mouth, his upper left crown repeatedly fell off; he was unable to chew or eat due to pain; and he began to suffer headaches, tingling in his face, hearing loss, and watery eyes.

Lee moved for summary judgment based on the statute of limitations. The trial court granted Lee's motion. Kim moved for reconsideration, which was denied. Kim appeals.

## DISCUSSION

We review an order of summary judgment de novo. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). A motion for summary judgment based on a statute of limitations should be granted only when the pleadings, depositions, interrogatories, admissions, and affidavits in the record demonstrate there is no genuine issue of material fact as to when the statutory period commenced. CR 56(c); Olson v. Siverling, 52 Wn. App. 221, 224, 758 P.2d 991 (1988). The statute of limitations is an affirmative defense on which the defendant bears the burden of proof. Haslund v. City of Seattle, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976).

No. 67949-0-I/5

RCW 4.16.350 sets forth a statute of limitations for medical malpractice actions.[4] As it relates to this case, the statute provides that such an action "shall be commenced within three years of the act or omission alleged to have caused the injury or condition . . . ."[5] RCW 4.16.350(3). RCW 4.16.350 was enacted in 1971, after the Washington Supreme Court's decision in Samuelson v. Freeman, 75 Wn.2d 894, 454 P.2d 406 (1969), which recognized a cause of action for "continuing negligent treatment."[6] In a case decided after the enactment of the statute, the court explained:

> [RCW 4.16.350] substantially modified the continuing course of treatment rule formulated in Samuelson [....] Under Samuelson, the cause of action would not accrue until, when there was a continuous and substantially uninterrupted course of treatment for a particular illness, the treatment for the particular illness or condition had been terminated. The 1971 statute restricts the commencement of the action to within 'three years from the date of the alleged wrongful act.' [....] The concept of the termination of a 'continuing course of treatment' has been succeeded by the designation of a 'date of the alleged wrongful act.'

---

[4] A medical malpractice plaintiff must prove:

> (1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;
> (2) Such failure was a proximate cause of the injury complained of.

RCW 7.70.040(1)(2).

[5] Alternatively, the action may be filed within "one year of the time the patient or his or her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission," RCW 4.16.350(3), but Kim has never argued that his lawsuit was timely filed under this alternative.

[6] In Samuelson, the court held the statute of limitations did not run until April 1963, even though the plaintiff's surgery to reduce and treat a fracture of the femur took place on or around September 18, 1960, where the defendant-doctor continued treating and observing that particular condition until April 1963. Samuelson, 75 Wn.2d at 900.

5

No. 67949-0-I/6

Bixler v. Bowman, 94 Wn.2d 146, 150, 614 P.2d 1290 (1980).[7]

Subsequently, in Caughell v. Group Health Co-op. of Puget Sound, 124 Wn.2d 217, 228, 876 P.2d 898 (1994), the court determined that while RCW 4.16.350 did not extinguish the claim for continuing negligent treatment recognized in Samuelson, it modified "when the clock starts ticking on these claims." Id. at 228. The court wrote:

> We held in Bixler that the event which triggers the statute of limitations had changed from the termination of a course of treatment, whether or not negligence occurred on that date, to the last negligent act committed by the defendant. Under the modified continuing-course-of-treatment rule, claimants must allege that the last negligent act, not simply the end of treatment itself, occurred within 3 years of filing suit.

Id. at 229. A malpractice claimant must, in response to a motion for summary judgment based on the statute of limitations, present some evidence that a negligent act or omission took place within the limitations period. Id. at 232.

Under these cases, the inquiry here concerns the date of the last negligent act or omission alleged by Kim. Kim contends the last negligent act took place on March 29, 2007, during what he claims was a follow-up appointment for the restoration work. Lee does not dispute that he saw Kim on that date, but contends there is no evidence he committed a negligent act or omission during the visit. He also contends, for purposes of summary judgment, that the last possible act of negligence took place no later than March 15, 2007, the last visit

---

[7] In Bixler, the court held that the three-year statute of limitations had run on the plaintiff's claim where the defendant allegedly failed to diagnose breast cancer in January and April 1975, another doctor diagnosed her cancer on August 4, 1975, and the plaintiff sued in June 1978. Bixler, 94 Wn.2d at 147-50. The court determined that the date of the "'alleged wrongful act'" was April 29, 1975, the last time the plaintiff consulted with the defendant. Id. at 150.

6

at which he performed restoration work. If the statute of limitations began to run on March 29, 2007, Kim's lawsuit was timely filed; if it began to run on March 15, 2007, his lawsuit was not timely.[8] Therefore, the timeliness of Kim's lawsuit turns on whether he presented some evidence of negligent treatment on March 29, 2007.

In opposition to Lee's summary judgment motion, Kim submitted his own declaration and two documents from Kenny Lee. His own declaration contains no specific assertion of negligence at the March 29 appointment.[9] Of the two documents from Kenny Lee, the first was an unsworn, unsigned exhibit attached to the declaration of Kim's attorney. In this document, Kenny Lee provided responses to the attorney's questions. In response to a request for his "opinion of the causal relationship between the injuries suffered and the prior dental treatment in question," Kenny Lee stated, "It was wrong diagnosis, treatment[,] planning and execution." CP at 96. The second document, attached to Kim's declaration, was a signed but unsworn letter in which Kenny Lee described Lee's work as deficient because he used an improper abutment selection and an inadequate number of implants. Kim argues that these assertions, when viewed

---

[8] Because Kim sent Lee a mediation request on March 18, 2010, the statute of limitations was tolled for one year under RCW 7.70.110 if the statute of limitations commenced, as Kim contends, on March 29, 2007. If, on the other hand, the statute of limitations commenced no later than March 15, 2007, the request for mediation was untimely and had no tolling effect. Cortez-Kloehn v. Morrison, 162 Wn. App. 166, 171, 252 P.3d 909, rev. denied, 173 Wn.2d 1002, 268 P.3d 941 (2011).

[9] The main purpose of Kim's declaration was to support his contention that the March 29, 2007 visit was a follow-up visit for the restoration work and rebut Lee's claim that it was a visit for a routine prophylaxis. Because we view the facts in a light most favorable to Kim for purposes of summary judgment, Babcock v. State, 116 Wn.2d 596, 598-99, 809 P.2d 143 (1991), we accept Kim's assertions that the March 29 visit was a follow-up appointment at which Lee examined and took x-rays of all areas of his mouth.

in their most favorable light, are sufficient to establish that a reasonably prudent

dentist would have noticed the deficient work during the March 29 visit and that

Lee negligently failed to do so.

Even assuming, without deciding, that Kenny Lee's statements allege with

sufficient clarity and specificity a negligent act or omission on the March 29 visit,

the argument cannot be sustained because the evidence upon which it relies was

not in the proper form before the trial court. CR 56(e) requires that evidence

offered in support of or in opposition to a motion for summary judgment be in the

form of sworn affidavits or declarations made under penalty of perjury.[10]

Wilkerson v. Wegner, 58 Wn. App. 404, 408, 793 P.2d 983 (1990). Courts do not

always demand strict compliance with the express requirements of CR 56(e), due

to the potentially drastic consequences of a summary judgment motion,

particularly with respect to the nonmoving party. See Meadows v. Grant's Auto

Brokers, Inc., 71 Wn.2d 874, 879, 431 P.2d 216 (1967). But we are aware of no

case, nor has any been cited to us, that excuses in whole, the requirement that

statements purporting to establish a necessary element of a claim or defense, be

in the form of sworn affidavits or declarations made under penalty of perjury.

Because the statements from Kenny Lee are not in such form, Kim cannot rely

---

[10] See also RCW 9A.72.085 (permitting unsworn written statement to be considered if statement (1) contains recitement by person that statement is true under penalty of perjury, (2) is subscribed by person, (3) states date and place of execution, and (4) states it is so certified under the laws of state of Washington).

upon them to create a disputed issue of material fact.[11] The trial court properly

granted Lee's summary judgment motion.

## Attorney's Fees

Kim requests attorney's fees on appeal under RAP 18.1 and RCW

7.70.070. Because he does not prevail on appeal, the request is denied.

Affirmed.

WE CONCUR:

_Speeman,_ ACJ.

_Becker, J._

_Grosse, J._

---

[11] In his reply to Kim's response to the summary judgment motion, Lee moved to strike Kenny Lee's statements on the grounds they were hearsay and not sworn affidavits as required by CR 56(e). Kim did not respond to the motion. Although the trial court did not explicitly rule on the motion, it did not include the statements among the materials it considered in the order granting summary judgment dismissal.