IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

CAMILLE L. MARTIN,                          )        No. 31493-6-III
                                            )
                    Appellant,              )
                                            )
        v.                                  )
                                            )
M. SHANE McNEVIN, M.D. and JANE             )        UNPUBLISHED OPINION
DOE McNEVIN, husband and wife, and          )
SURGICAL SPECIALISTS OF                     )
SPOKANE, P.S., a Washington state           )
corporation,                                )
                                            )
                    Respondents.            )

BROWN, J. — Camille L. Martin appeals the trial court's summary dismissal of her

malpractice suit against her surgeon, Dr. M. Shane McNevin; his spouse; and his

medical group, Surgical Specialists of Spokane, P.S. (collectively Dr. McNevin). Ms.

Martin contends the trial court erred in concluding her expert's letter failed to establish a

prima facie case of medical malpractice and in failing to grant her a continuance to

correct the letter's deficiencies. We disagree, and affirm.

FACTS

In March 2011, Dr. McNevin performed a hemorrhoidectomy on Ms. Martin. She

claims she was lightheaded at the hospital and had low blood pressure, but was

discharged anyway.[1] While at home, Ms. Martin began to experience rectal bleeding. She claims she lost consciousness at home and fell, sustaining facial injuries. Ms. Martin went to a nearby hospital where a second surgery was performed to repair her sutures and treat her facial injuries.

In July 2012, Ms. Martin sued Dr. McNevin for medical malpractice. During discovery, Dr. McNevin propounded interrogatories on Ms. Martin, asking that she identify any experts that she intended to call at trial. She responded that she had not yet retained an expert witness.

In December 2012, Dr. McNevin requested summary judgment dismissal of Ms. Martin's complaint, arguing Ms. Martin failed to establish a prima facie case of medical malpractice due to her failure to come forward with expert testimony to support her claim. Dr. McNevin agreed to continue the summary judgment hearing to allow Ms. Martin additional time to secure expert testimony.

On January 28, 2013, Ms. Martin submitted her summary judgment response, partly by attaching an unsworn two-paragraph letter from Dr. Joseph A. Scoma, a California colon and rectal surgeon. Dr. Scoma partly wrote, "I believe that there is reason to believe that the accepted standard of care in the management of Camille Martin was not followed. As a consequence, she suffered damages." Clerk's Papers (CP) at 48. In early February 2013, Dr. McNevin replied to Ms. Martin's January

---

[1] Ms. Martin's opening brief contains no citation to the record as required under RAP 10.3(a)(5), which provides, "Reference to the record must be included for each factual statement."

2

response, pointing out that Dr. Scoma's unsworn letter was inadequate under CR 56(e) and, nevertheless, was insufficient on multiple grounds. Ms. Martin did not seek a continuance to comply with the CR 56(e) requirements or address the insufficiencies.

At the February 8 summary judgment hearing, after the court pointed out the CR 56(e) deficiency and expressed its concerns on the merits, Ms. Martin orally requested a continuance to present Dr. Scoma's opinions to comply with CR 56(e) and cure the insufficiency concerns. In the end, the court denied the request, noting, "We're here on the day, counsel is ready, and they continued it to give you an opportunity to respond," the court then clarified, "The whole reason I'm not granting you a continuance is because there has been a prior continuance, and you had an opportunity at that point." Report of Proceedings at 20, 23. The trial court then granted Dr. McNevin's request for summary judgment, finding Dr. Scoma's letter was improper because it was not in declaration or affidavit form. The court also found that even if the opinion was in the proper format, it still did not establish a prima facie case of medical malpractice because Dr. Scoma's opinion did not specify that Dr. McNevin violated a standard of care or whether the standard of care was based on Washington or California standards. Ms. Martin appealed.

## ANALYSIS

The issue is whether the trial court erred in summarily dismissing Ms. Martin's medical malpractice claim. She contends Dr. Scoma's letter was sufficient to meet her

prima facie burden, or, in the alternative, the court should have granted her additional time to correct any deficiencies.

We review a summary judgment order de novo, engaging in the same inquiry as the trial court. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is proper if the records on file with the trial court show "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). We, like the trial court, construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Summary judgment is proper in a medical malpractice case if the plaintiff lacks competent medical evidence to establish a prima facie case. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A defendant moving for summary judgment may meet the initial burden by pointing out the absence of evidence to support the nonmoving party's case. *Id.* "If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff." *Id.* The facts set forth must be specific, detailed, and not speculative or conclusory. *Sanders v. Woods*, 121 Wn. App. 593, 600, 89 P.3d 312 (2004). If, at this point, the plaintiff "'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial,'" the trial court should grant the motion. *Young*, 112 Wn.2d at 225 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

To recover on her claim against Dr. McNevin, Ms. Martin must show that a health care provider failed to exercise the degree of care, skill, and learning expected of a reasonably prudent health care provider at that time and in that profession, in the State of Washington, and under the same or similar circumstances. RCW 7.70.040(1); *Judy v. Hanford Envtl. Health Found.*, 106 Wn. App. 26, 38, 22 P.3d 810 (2001). "[E]xpert testimony is required to establish the standard of care and most aspects of causation in a medical malpractice action." *Seybold v. Neu*, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001). This medical testimony must be based upon a reasonable degree of medical certainty. *McLaughlin v. Cooke*, 112 Wn.2d 829, 836, 774 P.2d 1171 (1989). If a plaintiff fails to produce competent expert testimony, the defendant is entitled to summary judgment. *Morinaga v. Vue*, 85 Wn. App. 822, 832, 935 P.2d 637 (1997).

CR 56(e) requires evidence offered in support of or in opposition to a motion for summary judgment be in the form of sworn affidavits or declarations made under penalty of perjury. Courts do not always require strict compliance with CR 56(e)'s express requirements due to the potentially extreme consequences of a summary judgment motion, particularly with respect to the nonmoving party. *Young Soo Kim v. Choong-Hyun Lee*, 174 Wn. App. 319, 326-27, 300 P.3d 431 (2013). "But we are aware of no case, . . . that excuses in whole[,] the requirement that statements purporting to establish a necessary element of a claim or defense be in the form of sworn affidavits or declarations made under penalty of perjury." *Id.* at 327. In *Kim*, the plaintiff filed a medical malpractice suit and provided a signed, but unsworn, letter from an expert

5

discussing the defendant's negligence. *Id.* at 326. Division One of this court held, "[B]ecause the evidence upon which it relies was not in the proper form . . . [t]he trial court properly granted Lee's summary judgment motion." *Id.* at 326-27.

Similarly, here, the sole evidence submitted to establish a prima facie case of negligence is Dr. Scoma's two-paragraph unsworn letter. This letter does not satisfy CR 56(e) requirements or create a disputed issue of material fact. Without more, the trial court properly granted Dr. McNevin's summary judgment motion.

Even assuming the letter was admissible, Dr. Scoma insufficiently states, "I believe that there is reason to believe that the accepted standard of care in the management of Camille Martin was not followed. As a consequence, she suffered damages." CP at 48. Ms. Martin must show a health care provider failed to exercise the degree of care, skill, and learning expected of a reasonably prudent health care provider at that time and in that profession, in the State of Washington, and under the same or similar circumstances. *Judy*, 106 Wn. App. at 38. She must further show that the health care provider's actions were the proximate cause of her injuries. RCW 7.70.040(2). Dr. Scoma's letter does not meet this standard. Nothing shows Dr. McNevin failed to exercise the degree of care of a reasonably prudent health care provider, a violation of Washington's standard of care, and that Dr. McNevin caused Ms. Martin to suffer damages. The letter is insufficient to establish a prima facie case of medical malpractice.

Ms. Martin next contends the court erred in denying her oral request for a continuance to correct the deficient evidence. CR 56(f) states, "Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained." We review the denial of a CR 56(f) motion for abuse of discretion. *Pitzer v. Union Bank of CA*, 141 Wn.2d 539, 556, 9 P.3d 805 (2000).

A trial court does not abuse its discretion if "'(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.'" *Id.* (quoting *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). "Only one of the qualifying grounds is needed for denial." *Gross v. Sunding*, 139 Wn. App. 54, 68, 161 P.3d 380 (2007) (citing *Pelton v. Tri-State Mem'l Hosp.*, 66 Wn. App. 350, 356, 831 P.2d 1147 (1992)).

Ms. Martin sued in July 2012 and during discovery, Dr. McNevin learned she did not have an expert to establish the necessary elements of her claim. In December 2012, he requested summary judgment dismissal. Dr. McNevin then agreed to continue the hearing to allow Ms. Martin additional time to secure expert testimony. Ms. Martin submitted her responsive documents in late January 2013. Before the February 8, 2013 summary judgment hearing, the sufficiency of Dr. Scoma's letter was called into

question, but Ms. Martin did nothing to correct the CR 56(e) deficiencies until the court expressed its procedural and substantive reservations at hearing. Only then, did she make her informal continuance request. Considering all, the trial court had tenable grounds to deny her continuance request. While "'justice'" is the trial court's "'primary consideration'" in ruling on a motion for continuance, even an informal one, Ms. Martin failed to meet her burden of proof. *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003) (quoting *Coggle v. Snow*, 56 Wn. App. 499, 508, 784 P.2d 554 (1990)).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Sperline, J.P.T.