# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| DAVID J. CULLERTON, a single person, and CASSANDRA MAHLMEISTER, a single woman, | No. 47582-1-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| COMMUNITY ACTION COUNCIL OF LEWIS, MASON AND THURSTON COUNTIES, a Washington State non-profit organization; COMMUNITY ACTION COUNCIL OF MASON COUNTY; JOHN DOE CONTRACTORS 1-10, et al., | |
| Respondents. | |

MAXA, A.C.J. – David Cullerton [1] appeals the trial court's summary judgment dismissal of his lawsuit against the Community Action Council of Lewis, Mason and Thurston Counties (CAC) and the trial court's denial of his motion for reconsideration. Cullerton alleged that CAC's negligent installation of dryer ducting caused a fire that destroyed his mobile home.

We hold that the trial court did not err in granting summary judgment in favor of CAC. However, we hold that the trial court erred in denying Cullerton's motion for reconsideration when Cullerton in support of reconsideration submitted a letter from an expert signed under

---

[1] Cassandra Mahlmeister also was a plaintiff in the trial court. Cullerton represented himself (and because he is not an attorney could not represent Mahlmeister) and was the primary party involved in this case. Therefore, we will refer to Cullerton as the only plaintiff and appellant.

penalty of perjury that created a genuine issue of fact regarding CAC's negligence and causation and the trial court stated in its order that it reviewed all pleadings filed in support of the motion.[2] Accordingly, we reverse the trial court's grant of summary judgment in favor of CAC and remand for further proceedings.

## FACTS

In January 2011, CAC provided numerous weatherization and energy efficiency upgrades to Cullerton's mobile home, including installing a new dryer ducting system. On June 8, Cassandra Mahlmeister saw flames coming up from behind the dryer, which was in operation. The fire spread and destroyed the mobile home.

Cullerton filed a complaint against CAC, alleging that CAC failed to exercise reasonable care when performing work on his mobile home and that CAC's negligence was the proximate cause of the fire. During the course of discovery Cullerton's attorney withdrew, and Cullerton subsequently represented himself.

*Summary Judgment Evidence*

CAC filed a summary judgment motion on liability, arguing that Cullerton failed to produce evidence that CAC improperly installed the dryer ducting and that the ducting caused the fire. CAC submitted a declaration from Michael Fitz, a fire cause and origin expert, who stated that there was no evidence that dryer ducting system caused the fire.

In opposition to summary judgment, Cullerton submitted an unsigned report from fire investigator Chris Norton of Mason County Fire District No. 5. Norton investigated the scene after the fire was extinguished and interviewed Cullerton and Mahlmeister. The investigation

---

[2] Cullerton also argues that the trial court erred in denying his motion for relief from judgment under CR 60(b). Because we reverse on other grounds, we do not consider this argument.

report stated that the fire originated in the laundry room, the ignition source probably was heat from the dryer, and the fire was accidental. The report did not state that CAC improperly installed the dryer ducting or that the ducting caused the fire.

Cullerton also submitted a letter from electrician Bill Heil that was not signed under penalty of perjury. Heil's letter stated that he had reviewed photos of the fire scene, the Norton report, the Fitz opinion, and the dryer manufacturer's installation instructions. Heil suggested that CAC's ducting installation was improper. But Heil did not state that the improper installation of the ducting caused the fire.

*Summary Judgment Ruling*

CAC argued that the Norton report and Heil letter were inadmissible hearsay because they were not made under penalty of perjury. Cullerton responded by asking the trial court for a continuance if he needed to certify the documents and cure the hearsay issue. The trial court denied Cullerton's request for a continuance because it decided to consider the substance of both documents even though they were not signed under oath.

The trial court ruled that even considering the Norton report and Heil letter, Cullerton failed to provide evidence that CAC's installation of the dryer ducting was the proximate cause of the fire. Therefore, the trial court granted summary judgment in favor of CAC.

*Motion for Reconsideration*

Cullerton filed a motion for reconsideration, arguing under CR 59(a)(1) that the trial court had abused its discretion in granting summary judgment and under CR 59(a)(9) that substantial justice had not been done. He argued that the evidence submitted created a genuine issue of material fact on CAC's liability. He also argued that the trial court should have

continued the summary judgment motion to allow him time to locate Norton. Cullerton did not submit any new evidence with that motion.

A few days later Cullerton filed a motion for relief from judgment under CR 60(b)(3) based on newly discovered evidence. Cullerton argued that he had obtained new information about where he could find Norton, who Cullerton was unable to locate before summary judgment. Attached to Cullerton's CR 60(b)(3) motion was a second letter from Heil, signed under penalty of perjury. Heil's second letter provided a more detailed explanation of how CAC improperly installed the dryer ducting. The letter concluded, "After reviewing the facts given to me, I am of the opinion that the fire was caused by excessive amounts of lint build-up caused by the contractor's failure [to] follow the manufacturer's installation recommendations." Clerk's Papers (CP) at 78. Cullerton asked for leniency in considering the new letter because he was a pro se litigant.

At the hearing on his motions, Cullerton requested a continuance in order to have more time to try to locate and contact Norton and obtain new evidence from him. The trial court granted Cullerton's request and gave him an additional month to find Norton.

Cullerton later filed a supplemental motion that addressed his motion for reconsideration. In that motion, Cullerton stated that he was unable to contact Norton or obtain any new evidence. But he noted that he had filed the second letter from Heil in which Heil concluded that CAC's failure to follow the manufacturer's installation recommendations was the cause of the fire. He also argued, among other things, that the trial court should reconsider its ruling on summary judgment because CAC had insufficient evidence to support summary judgment.

At the hearing following the continuance, the trial court denied Cullerton's motions. The trial court entered an order stating that it was denying the supplemental motion after reviewing all pleadings filed in support of the motion.

Cullerton appeals the trial court's grant of summary judgment in favor of CAC and denial of his motions for reconsideration and relief from judgment.

ANALYSIS

A.    SUMMARY JUDGMENT ORDER

Cullerton argues that the trial court erred in granting summary judgment because the Norton report and Heil letter plus his and Mahlmeister's deposition testimony presented evidence on proximate cause that created a genuine issue of material fact. We disagree.

We review a trial court's order granting summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when, reviewing the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Keck*, 184 Wn.2d at 370. "An issue of material fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Keck*, 184 Wn.2d at 370.

CAC argues that we cannot consider the unsworn Norton report and Heil letter in our de novo review. We agree. CR 56(e) requires that evidence offered in opposition to summary judgment be in the form of sworn affidavits or declarations made under penalty of perjury. *Young Soo Kim v. Choong-Hyun Lee*, 174 Wn. App. 319, 326-27, 300 P.3d 431 (2013). The

Norton report and first Heil letter were not made under penalty of perjury. Therefore, they could not create an issue of fact on summary judgment.[3]

Even if we could consider the unsworn Norton report and first Heil letter, they clearly did not create a genuine issue of fact regarding proximate cause. Neither document stated or even suggested that the dryer ducting contributed to the start of the fire.

We hold that the trial court did not err in initially granting summary judgment in favor of CAC.

B.      MOTION FOR RECONSIDERATION

Cullerton argues that the trial court erred in denying his motion for reconsideration. He claims that the trial court should have granted reconsideration because Heil's second letter signed under penalty of perjury stated that CAC's improper installation of the ducting caused the fire. We agree.

1.    Legal Principles

CR 59(a) provides nine grounds under which a party can move for reconsideration of a trial court's decision. *E.g.*, *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015), *rev. denied*, 185 Wn.2d 1035 (2016). One of the grounds is when there is no evidence to justify the decision. CR 59(a)(7). We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *Christian*, 191 Wn. App. at 728.

---

[3] We cannot consider the unsworn Norton report and Heil letter on appeal even though the trial court did consider them. We review de novo the admission of evidence on summary judgment. *See Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Cullerton argues that the trial court erred by denying his motion for a continuance to allow him to have the Norton report and Heil letter certified under oath. Because we reverse on other grounds, we do not address this issue.

In general, CR 59 does not prohibit the submission of new or additional evidence on reconsideration. *Martini v. Post*, 178 Wn. App. 153, 162, 313 P.3d 473 (2013). However, a trial court is not *required* to consider additional evidence on reconsideration. *See Chen v. State*, 86 Wn. App. 183, 191-92, 937 P.2d 612 (1997). The trial court has discretion whether to consider new or additional evidence. *Martini*, 178 Wn. App. at 162.

2.  Analysis

Here, Cullerton submitted new evidence on reconsideration – a second letter from Heil, his expert, signed under penalty of perjury. Cullerton argued in his supplemental motion that Heil's second letter supported reconsideration under CR 59(a)(7).[4] Heil's second letter did provide clear evidence that CAC was negligent in installing the dryer ducting and that this alleged negligence caused the fire. Therefore, if Cullerton originally had presented that letter in opposition to CAC's summary judgment motion, there is no question that the letter would have created genuine issues of fact that would have precluded the trial court from granting summary judgment in CAC's favor.

Similarly, if the trial court exercised its discretion to consider Heil's second letter on reconsideration, denying reconsideration in light of those genuine issues of fact would be an abuse of discretion. The question here is whether the trial court considered this letter in addressing the motion for reconsideration.

The only basis for considering Heil's second letter on reconsideration would have been CR 59(a)(4), "[n]ewly discovered evidence . . . which the party could not with reasonable diligence have discovered or produced at the trial." Cullerton did not argue in the trial court and

---

[4] Cullerton also moved for reconsideration based on CR 59(a)(1), irregularity in the court proceedings, and CR 59(a)(9), that substantial justice has not been done. Because we reverse on other grounds, we do not address these arguments.

does not argue on appeal that Heil's second letter could not have been produced at the time of the summary judgment motion. The letter was based on the same materials as the first Heil letter and Cullerton described the second Heil letter as a more detailed affidavit rather than newly discovered evidence. Therefore, the trial court in its discretion could have refused to consider this evidence. *See Martini*, 178 Wn. App. at 162.

The trial court also had discretion to consider Heil's second letter. *Id.* The trial court did not address or even reference Heil's second letter in its oral ruling denying Cullerton's motion for reconsideration. But in its order denying Cullerton's supplemental motion the trial court expressly stated that it "reviewed the motion as well as *all pleadings filed in support of the motion*." CP at 3 (emphasis added). Because Heil's second letter was referenced in and supported the supplemental motion (although it was filed earlier), this order indicates that the trial court exercised its discretion to consider that letter. Further, the trial court never stated orally or in any order that it was refusing to consider the second Heil letter.

After deciding to consider Heil's second letter, the trial court was obligated to view all facts and reasonable inferences from the facts in Cullerton's favor in determining whether a genuine issue of fact existed. *See Martini*, 178 Wn. App. at 166. As noted above, Heil's second letter clearly created genuine issues of material fact regarding CAC's negligence and causation. Accordingly, because it considered Heil's second letter, the trial court abused its discretion in denying Cullerton's motion for reconsideration.

CONCLUSION

The trial court erred in denying Cullerton's motion for reconsideration. Therefore, we reverse the trial court's grant of summary judgment in favor of CAC and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

WORSWICK, J.

MELNICK, J.