IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JODI WILLIAMS,<br><br>                Appellant,<br><br>           v.<br><br>SHAWN GILLIES,<br><br>                Respondent. | No. 82398-1-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

COBURN, J. — The trial court dismissed Jodi Williams' professional negligence and malpractice claims against her former therapist, Shawn Gillies, because the claims were outside the statute of limitations. Williams presented evidence that Gillies violated the standard of care by engaging in a sexual relationship with her. Because the alleged negligent act occurred within the limitation period, we reverse and remand.

BACKGROUND

In 2012, Jodi Williams began receiving counseling services from Shawn Gillies, a licensed marriage and family therapist (LMFT). Williams alleges that by the fall of 2014, Williams and Gillies had become romantically involved and engaged in sex during therapy sessions. Gillies continued to see Williams as a client. Both parties agree that the final paid therapy session occurred on

Citations and pin cites are based on the Westlaw online version of the cited material.

April 27, 2015.  The two paused their physical relationship later that year but continued to communicate sporadically.  Williams alleges that Gillies said they needed to wait two years before they could openly be a couple.  Gillies and Williams resumed their physical relationship in 2018 but ended it within the year.[1]

In July 2020, Williams filed an action against Gillies for professional negligence and malpractice under chapter 7.70 RCW.  She alleged she was injured from Gillies' failure to adhere to the standard of care required of LMFTs.  Gillies moved to dismiss under CR 12(c), arguing that Williams' claims were barred by the three-year statute of limitations under RCW 4.16.350.  The trial court agreed with Gillies and dismissed Williams' claims.  The court denied Williams' motion for reconsideration.  Williams appeals.

DISCUSSION

Williams argues that the trial court erred in dismissing her complaint against Gillies as untimely.  We agree.

We review a CR 12(c) motion for judgment on the pleadings as a CR 56 motion for summary judgment if the trial court considers matters outside of the pleadings.  U.S. Mission Corp. v. Kiro TV, Inc., 172 Wn. App. 767, 771, 292 P.3d 137 (2013); CR 12(c).  In the instant case, the trial court considered declarations

---

[1] Gillies claims the relationship ended in March of 2018, and Williams states the relationship ended in July of 2018.

and exhibits, including materials submitted by Williams' expert witnesses and admissions by Gillies.  We therefore review the trial court's order as a motion for summary judgment.  We review summary judgment motions de novo, engaging in the same inquiry as the trial court.  Berger v. Sonneland, 144 Wn.2d 91, 102, 26 P.3d 257 (2001). The court will consider all facts in favor of the nonmoving party.  Messenger v. Whitemarsh, 13 Wn. App. 2d 206, 210, 462 P.3d 861 (2020).

The statute of limitations for professional negligence and medical malpractice claims is three years, or one year after discovery of the negligence, whichever is later.  RCW 4.16.350.  The three year limitations period runs from the date of the act alleged to have caused the injury.  Morris v. Swedish Health Servs., 148 Wn. App. 771, 776, 200 P.3d 261 (2009); RCW 4.16.350(3).  In order to defeat a motion for summary judgment based on the statute of limitations, malpractice claimants must provide some evidence that the defendant's negligent act occurred within the limitations period.  Young Soo Kim v. Choong-Hyun Lee, 174 Wn. App. 319, 325, 300 P.3d 431 (2013).  Dismissal of a claim based on statute of limitations is appropriate where there is no "genuine issue of material fact as to when the statutory period commenced."  Id. at 323.

Williams alleges that her final romantic encounter with Gillies occurred in

July 2018 and argues the statutory period began to run at that time.[2]  Thus, she argues she filed her claims well before the expiration period of July 2021.  Id. Gillies admits that he and Williams shared a sexual relationship in 2018. However, Gillies contends that he was not prohibited from sexual contact with Williams in 2018 because she was by then a former client and two years had passed since their last therapy session in 2015.  Thus, he argues the statute of limitations began running from the last alleged sexual encounter the two had prior to 2018, which would have been September 2015.  Gillies argues that because Williams filed her claims after September 2018, they are barred by the statute of limitations.  Id.

Whether the statute of limitations bars Williams' claims under these facts turns on the applicable standard of care.  "The standard of care is established by showing that '[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances[.]' "  Seybold v. Neu, 105 Wn. App. 666, 676–77, 19 P.3d 1068 (2001); RCW 7.70.040(1)  "Expert testimony is necessary to prove whether a particular practice is reasonably prudent under the

[2] Williams concedes that Gillies' negligent acts while she was an active client fall outside the statute of limitations and are not relevant to this appeal.

applicable standard of care." McLaughlin v. Cooke, 112 Wn.2d 829, 836, 774 P.2d 1171 (1989).

Williams provided the trial court with declaration testimony from Dr. Scott Edwards, an LMFT and member of the American Association for Marriage and Family Therapists (AAMFT), a professional organization that sets ethical standards for marriage and family therapists. Edwards' declaration stated that "Sexual or romantic contact between an LMFT and a client is an example of a boundary violation that is also an unambiguous breach of the standard of care. It is not justified under any circumstances." He explained that LFMTs have an ongoing duty to not be sexually intimate with a former client.

> This is a bright-line rule in our profession. I am not aware of, nor do I believe it is possible to find, a single authority in the professional literature for the proposition that an LMFT is released from the prohibition against sexual intimacies with a client just because the formal therapist-client relationship has come to an end. An LMFT does not abdicate therapeutic responsibility after each therapy session or after the final therapy session. The primary reason is because the therapist enjoys an imbalance of power and influence over his patients. This is, in part, due to the very nature of the therapist-client relationship. The client is encouraged to put her trust in the therapist, to be open about her deepest desires and wishes, and to disclose her fears, failures, and insecurities, as well as details of her personal history and relationships. These types of disclosure—which pass entirely in one direction—bestow on the therapist a tremendous potential power over the client. That knowledge and power does not abruptly cease after the last therapy session. It continues and persists, often in perpetuity.

Edwards' declaration also referred to state regulations prohibiting health

professionals from sexual contact with current clients (WAC 246-16-100(1)) and

licensed counselors[3] from sexual contact with former clients (WAC 246-809-049).

Gillies, completely ignoring Edwards and the WACs, relies on only one source to

support his argument. He incorrectly states that the code of ethics for LMFTs

according to the AAMFT merely prohibits sexual intimacy for two years following

the termination of therapy.[4] Gillies fails to cite any authority to support that an

ethics code of a voluntary professional organization establishes the standard of

care. Regardless, he mischaracterizes the AAMFT.

Gillies is correct in that until 2015, Section 1.5 of the applicable code of

ethics for the AAMFT expressly addresses prohibited sexual intimacy with former

clients for two years following the termination of therapy. However, that did not

mean that such a relationship could not have caused injury to the former client,

as evident in the following language of the pre-2015 code:

> 1.5 Sexual Intimacy with Former Clients and Others. Sexual intimacy with former clients, their spouses or partners, or individuals who are known to be close relatives, guardians or significant others of clients is likely to be harmful and is therefore *prohibited for two years following the termination of therapy or last professional contact*. After the two years following the last professional contact or termination, in an effort to avoid exploiting the trust and dependency of clients, marriage and family therapists

---

[3] "Licensed counselors" includes LMFTs. WAC 246-809-010(4).

[4] Gillies cites to CP 125 for this assertion. This claim is not found at CP 125, and Gillies never provided a copy of the code to the trial court. Expert Edwards did attach the 2012 version and the 2015 version of the code with his declaration.

should not engage in sexual intimacy with former clients, or their spouses or partners. *If therapists engage in sexual intimacy with former clients, or their spouses or partners, more than two years after termination or last professional contact, the burden shifts to the therapist to demonstrate that there has been no exploitation or injury to the former client, or their spouse or partner.*

(Emphasis added.) In addition, AAMFT revised section 1.5 of the code in 2015 to be a blanket prohibition: "Sexual intimacy with former clients or with known members of the client's family system is prohibited." Gillies provides no alternative support for his assertion that he did not violate an LMFTs standard of care by engaging in a sexual relationship with Williams in 2018.

Williams provided evidence to the trial court that the standard of care required of LMFTs prohibited a sexual relationship with former clients. Williams alleged, and Gillies conceded, that they had a sexual relationship in 2018. Williams filed her complaint in 2020, well within the three-year statute of limitations, which runs from the date of the act alleged to have caused injury.[5] The trial court erred in concluding Williams' claims were time-barred and granting

---

[5] Williams provided a declaration from a licensed psychologist, who after evaluating her, concluded that she suffered emotional injuries as a result of her relationship with Gillies. Gillies does not dispute Williams' injuries for the purposes of this appeal.

Gillies' motion to dismiss.  We reverse and remand back to the trial court for further proceedings.

_____
Coburn, J.

WE CONCUR:

_____     _____
Smith, J.                   Dwyer, J.