**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

MUHAMMED SOYEGE,

              Appellant,

    v.

UW MEDICINE - UNIVERSITY OF
WASHINGTON MEDICAL CENTER,

              Respondent.

No. 87819-1-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Muhammed Soyege appeals the summary judgment dismissal of his medical malpractice action against the University of Washington Medical Center (UWMC). Because Soyege failed to produce expert testimony to support his medical malpractice claim, summary judgment was appropriate. We affirm.

I

On May 31, 2023, Soyege underwent a computed tomography (CT) scan of his chest and head at UWMC. The radiologists who reviewed the scans did not identify any foreign objects on either scan.

Soyege sued UWMC, asserting claims for medical malpractice, negligence, intentional infliction of emotional distress, breach of the duty of care, violation of chapter 70.02 RCW,[1] and emotional distress. Soyege alleged that the radiologists at UWMC

---

[1] Chapter 70.02 RCW regulates disclosure and access to health care information.

"negligently fail[ed] to identify, label, or mention the obvious foreign body present in Plaintiff's CT imaging" and that, as a result, he had suffered "suffered physical pain, emotional distress, and additional medical expenses."

Except for his claim for medical malpractice, all of Soyege's claims were dismissed on partial summary judgment on August 30, 2024. Soyege does not challenge the dismissal of those claims.

UWMC moved for summary judgment on Soyege's medical malpractice claim, asserting that Soyege lacked expert testimony to support his claim. Soyege responded by submitting a declaration from Dr. Sajid Khousa, stating:

> My name is Dr. Sajid, and I am writing to provide crucial information regarding the healthcare provided to the patient Muhammed Soyege, specifically in relation to the radiology report generated by UW Medicine for the CT Brain and CT Heart imaging completed.
> Upon a thorough review of the radiology report from the defendant UW Medicine, it has come to my attention that there was a significant oversight. The report failed to mention several obvious foreign bodies, clearly visible in the CT Brain and CT Heart imaging. The imaging depicted a semi-metallic inorganic hyper-dense foreign body implant in the back of the head (CT Brain Scan) and small metallic hyper-dense foreign body implant in the heart (CT Chest Scan). This omission is of great concern as it directly impacted the patient's well-being, causing harm, pain, and falling below the standard of healthcare expected in such circumstances.
> As a licensed primary care physician, it is imperative to bring this matter to the court['s] attention. The lack of acknowledgment of the foreign bodies in the radiology report raises serious questions about the standard of care provided to the patient at UW Medicine. In my professional opinion, such an oversight is strong negative deviation from the expected quality of healthcare that should have been provided.
> In light of the aforementioned observations, I have written this letter to provide expert witness testimony to assist the court in understanding the intricacies of this case. Please do not hesitate to contact me at [e-mail address].

Soyege also submitted three other documents, none of which were sworn or attached to an affidavit. The trial court granted UWMC's motion and dismissed Soyege's remaining claim.

Soyege appeals.

## II

## A

We review summary judgment orders de novo. "In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the defendant is the moving party and makes their initial showing, then the inquiry shifts to the party with the burden of proof at trial to make a showing sufficient to establish an element essential to that party's case. Young, 112 Wn.2d at 225. If the party with the burden of proof at trial fails to make that showing, then the trial court should grant summary judgment. Young, 112 Wn.2d at 225.

"[W]henever an injury occurs as a result of health care, the action for damages for that injury is governed exclusively by RCW 7.70." Branom v. State, 94 Wn. App. 964, 969, 974 P.2d 335 (1999). Claims that an injury resulted from a failure to follow the accepted standard of care are addressed by RCW 7.70.030(1) and RCW 7.70.040. The plaintiff has the burden to prove by a preponderance of evidence each essential element of the claim. RCW 7.70.030.

The following are necessary elements of proof that injury resulted from the failure of the health care provider to follow the accepted standard of care:

(1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the

3

profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;

(2) Such failure was a proximate cause of the injury complained of.

RCW 7.70.040.

Expert testimony is generally "'necessary to establish the standard of care . . . and most aspects of causation.'" Young, 112 Wn.2d at 228 (quoting Harris v. Groth, 99 Wn.2d 438, 449, 663 P.2d 113 (1983)).  To defeat summary judgment in almost all medical negligence cases, the plaintiff must produce testimony from a competent medical expert.  Young, 112 Wn.2d at 228.  "[T]o establish the standard of care required of professional practitioners, that standard must be established by the testimony of experts who practice in the same field."  McKee v. Am. Home Prods. Corp., 113 Wn.2d 701, 706, 782 P.2d 1045 (1989).  In a medical malpractice case, the defendant may move for summary judgment without supporting affidavits on the grounds that the plaintiff lacks competent evidence to support an essential element of their case.  Guile v. Ballard Cmty. Hosp., 70 Wn. App. 18, 22-24, 851 P.2d 689 (1993) (citing Young, 112 Wn.2d at 225 n.1).

B

Soyege asserts that the trial court erred by granting summary judgment because the declaration of Dr. Khousa was sufficient to satisfy his burden to produce expert testimony.  We disagree.

UWMC moved for summary judgment on the grounds that Soyege lacked admissible medical expert testimony to establish the standard of care.  The only admissible evidence Soyege produced in response was the declaration by Dr. Khousa.

Dr. Khousa is not a radiologist, nor did he state any familiarity with the standard of care for radiologists.

Dr. Khousa also did not identify any familiarity with the standard of care applicable in Washington. While Soyege argues that no "magic words" are required and that it is sufficient for an expert to identify a national standard of care, Dr. Khousa's declaration does not identify a national standard of care.[2]

Finally, Dr. Khousa's declaration is not sufficiently specific to support a claim for medical malpractice. General assertions of negligent care are not enough to create an issue of material fact; the testimony must state specific facts to show the applicable standard of care, how it was breached, and how the breach caused the plaintiff's injuries. Reyes v. Yakima Health Dist., 191 Wn.2d 79, 89, 419 P.3d 819 (2018). Dr. Khousa's statement that "[t]he omission [from the CT scan reports about the presence of foreign bodies] is of great concern as it directly impacted the patient's well-being, causing harm, pain, and falling below the standard of healthcare expected in such circumstances" contains none of the required specificity.

Soyege also asserts that the trial court improperly disregarded the "second-opinion radiology reports" he submitted. We disagree.

 "CR 56(e) requires that evidence offered in support of or in opposition to a motion for summary judgment be in the form of sworn affidavits or declarations made under penalty of perjury." Young Soo Kim v. Choong-Hyun Lee, 174 Wn. App. 319, 326, 300 P.3d 431 (2013). Because the "second-opinion radiology reports" were not

---

[2] Neither Dr. Khousa's declaration nor his inadmissible CV identify what country he practices medicine in.

attached to a sworn affidavit or declaration, Soyege cannot rely on them to create an issue of material fact.

Because Soyege failed to produce expert testimony to support his medical malpractice claim, summary judgment was appropriate. We affirm.

_Mann, J._

WE CONCUR:

_Díaz, J._